SIONE LOLOHEA, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee (S.P.P. No. 05-1-002K (Cr. No. 98-017K))
SIONE LOLOHEA, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee (S.P.P. No. 05-1-003K (Cr. No. 98-215K))
No. 28051,
No. 28052
Intermediate Court of Appeals of Hawaii.
August 28, 2008.
Karen T. Nakasone, Deputy Public Defender, for Petitioner-Appellant.
Linda L. Walton, Deputy Prosecuting Attorney, County of Hawai`i, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and FUJISE, JJ.
In this consolidated appeal, Petitioner-Appellant Sione Fanaika Lolohea, also known as Sione F. Lolohea and Sione Lolohea (Lolohea), appeals from the following orders entered by the Circuit Court of the Third Circuit (circuit court)[1] on June 22, 2006: (1) the order entered in S.P.P. No. 05-1-002K, denying his motion for a new trial in Cr. No. 98-017K (Case 1) wherein he was convicted of sexual assault in the second degree (appeal number 28051); and (2) the order entered in S.P.P. No. 05-1-003K, denying his motion for new trial in Cr. No. 98-215K (Case 2) wherein he was convicted of promoting a dangerous drug in the second degree (appeal number 28052). In both Cases 1 and 2, Lolohea was convicted on February 11, 1999, following his pleas of no contest to the offenses that he was convicted of committing.
Upon careful review of the issues raised and arguments made by the parties, the applicable authority, and the record in this case, we resolve Lolohea's points as follows:
1. The motions for new trial, which were filed on October 25, 2002, almost seven years after Lolohea's convictions, were properly treated by the circuit court as petitions for post-conviction relief under Hawai`i Rules of Penal Procedure (HRPP) Rule 40(a)(1).
2. Lolohea's claim that his trial counsel, Alfred P. Lerma, Jr. (Lerma), provided ineffective assistance for failing to advise Lolohea about parole requirements prior to Lolohea's entry of a change of plea was waived when Lolohea failed to raise the issue in his appeals from circuit court orders denying his February 7, 2002 and December 16, 2002 Petitions pursuant to HRPP Rule 40(a) (3) to set aside his convictions and for release from custody in Cases 1 and 2. Even if the claim was not waived, Lerma was not required to advise Lolohea about such collateral consequences of a plea. D'Ambrosio v. State, 112 Hawaii 446, 461, 146 P.3d 606, 621 (App. 2006).
3. The circuit court did not clearly err when it concluded that Lolohea's claim that Lerma provided ineffective assistance of counsel due to a conflict of interest was previously ruled upon or waived.
4. The circuit court was correct in ruling that Lolohea did not present a colorable claim of ineffective assistance of counsel based on Lerma's alleged nondisclosure to Lolohea, prior to the entry of his plea, of exculpatory evidence in investigative reports relating to the sexual assault charge in Case 1. The record on appeal reflects that this issue was previously litigated and ruled upon by the circuit court in considering Lolohea's 2002 petition.
Lolohea became aware of the information in these investigative reports prior to the hearing on his 2002 petition challenging his conviction in Case 1. Testimony regarding the disclosure to Lolohea of these investigative reports was presented to the circuit court at the March 31, 2003 hearing on the 2002 petition in Case 1. Lolohea's attorney at the time of the March 31, 2003 hearing, Frank L. Miller, did not amend Lolohea's 2002 petition, but did argue at the March 31, 2003 hearing that Lerma did not discuss the evidence in Lolohea's favor with Lolohea. Lolohea now agrees that this claim was "raised previously."
In denying the 2002 petition, the circuit court[2] considered Lerma's testimony and found that Lerma was not ineffective, on the basis that Lolohea had not "shown that any errors or [omissions] resulted in the withdrawal or substantial impairment of a potentially meritorious defense." Lolohea did not challenge the circuit court's ruling on appeal, although he had the benefit of representation by another attorney (David H. Lawton) on appeal of the denial of his 2002 petition. On this record, we disagree with Lolohea that this ground was not previously ruled upon. HRPP Rule 40(a)(3).
Therefore, the June 22, 2006 orders denying Lolohea's motions for new trial in S.P.P. Nos. 05-1-002K and 05-1-003K entered in the Circuit Court of the Third Circuit are affirmed.
NOTES
[1] The Honorable Elizabeth A. Strance issued both orders.

These appeals were consolidated by the November 29, 2006 order of this court granting Lolohea's motion.
[2] The Honorable Ronald Ibarra presided.